IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARQUEL SHEPARD,                    *

    Plaintiff,                    *

          v.                    *        Case No. TJS-24-03120

MAURICE BAILEY,                    *

    Defendant.                    *

               *     *     *     *     *     *

**MEMORANDUM OPINION**

On August 4, 2023, Marquel Shepard ("Plaintiff") was injured in an accident in Pennsylvania while he was a passenger in a company vehicle driven by his co-worker, Maurice Bailey ("Defendant"). While the accident and Plaintiff's subsequent claim of injuries occurred en route to a jobsite in Pennsylvania, the Plaintiff and Defendant were principally employed by a company in Maryland. Plaintiff's lawsuit against Defendant—his co-employee—would be prohibited under Pennsylvania law but would be allowed under Maryland law.

Pending before the Court is Defendant's Motion for Summary Judgment ("Motion").[1] ECF No. 27. Having considered the submissions of the parties (ECF Nos. 27, 28 & 33), I find that a hearing is unnecessary. *See* Loc. R. 105.6. For the following reasons, Defendant's Motion will be denied.

---

[1] In accordance with 28 U.S.C. § 636(c), all parties have voluntarily consented to have the undersigned conduct all further proceedings in this case, including trial and entry of final judgment, and conduct all post-judgment proceedings, with direct review by the Fourth Circuit Court of Appeals, if an appeal is filed. ECF Nos. 17 & 19.

I.    **INTRODUCTION**

A.  **Factual Background**

Unless otherwise noted, the following facts are not in dispute. To the extent any facts are in dispute, they will be considered in the light most favorable to Plaintiff, as the non-moving party. *Perkins v. Int'l Paper Co*., 936 F.3d 196, 205 (4th Cir. 2019).

This case arises from injuries Plaintiff alleges he suffered while a passenger in a vehicle driven by Defendant. ECF No. 27-1. On August 4, 2023, Plaintiff and Defendant were co-workers traveling within the course of their employment by Traffic Management, LLC ("TMI").[2] *Id.* Defendant was driving to a worksite in Cranberry Township, Pennsylvania, while Plaintiff sat in the front passenger seat. ECF No. 27-1. Plaintiff claims Defendant lost control of the vehicle and crossed the center line, where it collided with another vehicle traveling in the opposite direction. ECF No. 28-1. As a result of the head-on collision, Plaintiff claims to have suffered injuries. *Id*. Plaintiff filed for and received Maryland workers' compensation benefits.  *Id.*

At the time, Plaintiff was a resident of Prince George's County, Maryland. ECF No. 28-1. Plaintiff began his employment with TMI over a year before the collision occurred but only started working in Pennsylvania one week before the accident. *Id.* This was Plaintiff's first assignment in Pennsylvania, and during this week he stayed at a Pennsylvania hotel paid for by TMI. ECF No. 27-2 at 22-24. To travel from Maryland to Pennsylvania, Plaintiff first went to the TMI Upper Marlboro location, where he picked up a TMI-owned vehicle and drove to Pennsylvania. *Id.*

Defendant is a resident of Alexandria, Virginia. ECF No. 28-1. He has worked as a TMI employee in Maryland for four years and had been working in Pennsylvania for only several weeks

---

[2] TMI's principal office is located in California, but it has facilities in both Baltimore and Upper Marlboro, Maryland. ECF Nos. 27-5 & 27-6.

before the accident occurred. *Id.* Defendant also stayed in a Pennsylvania hotel on weeknights and returned home to Virginia on weekends. *Id.* When traveling to Pennsylvania for work, Defendant stopped at TMI's Upper Marlboro location where he would exchange his own vehicle for a company vehicle. *Id.* At the end of the week, Defendant would drive the company vehicle back and pick up his personal vehicle to return home. *Id.* After the accident occurred, Defendant provided a statement to TMI at its Upper Marlboro location. *Id.*

### B. Procedural History

Plaintiff filed a negligence action on September 24, 2024, in the Circuit Court for Prince George's County, Maryland, against Defendant for injuries sustained as a result of the accident. ECF No. 4. On October 28, 2024, Defendant removed the case to this Court. ECF No. 1.

## II. LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The burden is on the moving party to demonstrate the absence of any genuine dispute of material fact. *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). If sufficient evidence exists for a reasonable jury to render a verdict in favor of the party opposing the motion, then a genuine dispute of material fact is presented, and summary judgment should be denied. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). However, the "mere existence of a scintilla of evidence in support of the [opposing party's] position" is insufficient to defeat a motion for summary judgment. *Id.* at 252.

The facts themselves, and the inferences to be drawn from the underlying facts, must be viewed in the light most favorable to the opposing party. *Scott v. Harris*, 550 U.S. 372, 378 (2007); *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008). A party may not rest upon the mere allegations

or denials of its pleading but instead must cite to "particular parts of materials in the record" or "show[] that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

## III.    DISCUSSION

### A.    Relevant Workers' Compensation Laws

The Pennsylvania Workers' Compensation Act ("PWCA") "regulates the rights of employees to recover compensation for injuries sustained during the course and scope of employment." *Nationwide Mut. Ins. Co. v. Chiao*, 186 Fed. Appx. 181, 183 (3d Cir. 2006). The PWCA contains an exclusivity provision that bars employee lawsuits against employers, leaving the PWCA as an employee's exclusive remedy for injuries suffered through the course of employment. *See* 77 Pa. Stat. Ann. § 481(a). This exclusivity is extended to co-employees and "[i]t is unambiguous under the [P]WCA that an injured employee is not 'legally entitled to recover' any damages from a negligent co-employee." *See Chiao*, 186 Fed. Appx. at 185; *see also Grimsley v. Manitowoc Co.*, No. JEJ-15-1275, 2019 U.S. Dist. LEXIS 14580, at *22 (M.D.P.A. Jan. 30, 2019) (granting a co-employee's motion for summary judgment because the "[t]he PWCA [] provides immunity to any co-workers whose negligence caused the injury").

In contrast, the Maryland Workers' Compensation Act ("MWCA") states "*[w]hen a person other than an employer is liable for the injury* or death of a covered employee for which compensation is payable under this title, *the covered employee . . . may[] bring an action for damages against the person liable* for the injury or death." Md. Code Ann., Lab. & Empl. § 9-901(2) (emphasis added). While tort actions brought against an employer are barred, "[i]t is well

4

established that the [MWCA] does not exclude tort actions between co-employees." *Hill v. Knapp*, 396 Md. 700, 711 (2007).

A choice of law inquiry determines the outcome of Defendant's Motion. If Pennsylvania law applies, Plaintiff's co-employee lawsuit is barred, and the Motion must be granted. If Maryland law applies, Plaintiff's co-employee lawsuit may proceed, and the Motion must be denied.

**B.    Choice of Law**

In actions based upon diversity of citizenship, federal district courts must apply the choice of law principles of the forum state. *See Limbach Co., LLC v. Zurich Am. Ins. Co.*, 396 F.3d 358, 361 (4th Cir. 2005). Maryland adheres to the principle of *lex loci delicti* to determine the applicable law in tort actions. *Philip Morris Inc. v. Angeletti*, 358 Md. 689, 744 (2000). Under this rule, the "substantive tort law of the state where the wrong occurs governs." *Hauch v. Connor*, 295 Md. 120, 123 (1983). But when a party, as here, seeks dismissal pursuant to a workers' compensation statute, such "conflict issues present distinct policy questions and should not be treated as tort or contract matters for choice of law purposes." *Id.* at 127.

Maryland courts recognize a narrow exception to *lex loci delicti* for personal injury claims implicating workers' compensation statutes. *See Havard v. Perdue Farms, Inc.*, 403 F. Supp. 2d 462, 466 (D. Md. 2005). Specifically, when "an employee brings suit against his co-employee for injuries sustained in another jurisdiction . . . a 'greater interest' test" is applicable. *Banks v. Virginia Elec. & Power Co.*, No. 99-1392, 2000 U.S. App. LEXIS 2400, at *9 (4th Cir. Feb. 17, 2000). Under this test, a tort action brought by an employee against a co-employee for injuries that occurred during employment "may not be barred pursuant to another jurisdiction's workers' compensation laws if Maryland has a greater interest in the lawsuit." *Id.* at *13 (stating the language in *Hauch* clearly establishes this proposition and that "its rationale is sound").

Relying primarily on *Hutzell v. Boyer*, the *Hauch* court considered whether Maryland or Delaware workers' compensation law "should determine the threshold question of the right to bring suit in Maryland courts." *Hauch*, 295 Md. at 134; *Hutzell v. Boyer*, 252 Md. 227 (1969). In doing so, the Court outlined a multifactor balancing test that was later refined in *Bishop v. Twiford*. *See* 317 Md. 170, 176 (1989). Taken together, these cases provide the "greater interest" analysis to be considered in resolving a dispute as to whether a co-employee lawsuit brought in Maryland is barred pursuant to a different state's workers' compensation law.

When determining which state has a greater interest in the lawsuit, Maryland courts consider the following: (1) the public policy of the forum state; (2) the parties' principal place of employment; (3) the employer's place of incorporation; (4) the site of the injury; (5) the parties' residences; and (6) the location where the plaintiff filed a workers' compensation claim.[3] *See Jones v. Bunns*, No. GLS-22-1076, 2023 U.S. Dist. LEXIS 101095, at *n.6 (D. Md. Jun. 9, 2023) (holding that Maryland law applied and did not bar an injured worker from bringing a tort action against his co-employee, despite the tort occurring in the District of Columbia where the District's workers' compensation statute would have barred the claim); *see also Hauch*, 295 Md. at 133-34 (applying the MWCA when the injury did not occur in Maryland but Maryland had a greater interest in the lawsuit because the parties were Maryland residents, Maryland was their regular place of employment, and the parties made claims and received benefits under the MWCA); *Bishop*, 317 Md. at 176 (applying the MWCA in part because the employer actively "engage[d] in substantial business [] in Maryland," even though the employer's headquarters was located in Delaware).

---

[3] Plaintiff argues the location of his medical treatment is relevant. ECF No. 28-1. Defendant argues this is not a proper consideration in the greater interest analysis. ECF No. 33. The Court notes this factor was not referenced in *Bishop* or *Hauch* and therefore declines to consider it.

"The most important factor weighing in favor of applying Maryland law is the public policy of Maryland, the forum state, permitting fellow employee actions." *Bishop*, 317 Md. at 176. While this is not dispositive, when determining "whether the court is open to a particular litigant, obviously the policy of the forum state is extremely important." *Hauch*, 295 Md. at 133. This is reflected in § 9-901(2) of the MWCA, which permits tort actions against co-employees. *See Hutzell*, 252 Md. at 233 (rejecting appellant's claim that Maryland has no "defined public policy against granting immunity to fellow employees from tort action," and stating that "for over 50 years the Workmen's Compensation Law of this State has contained no express prohibition against [actions by an employee against a co-employee]"). While Maryland courts have repeatedly "emphasized the importance of Maryland's interest in applying its own Workers' Compensation Policy . . . no one factor is controlling." *Jones*, 2023 U.S. Dist. LEXIS 101095, at *18-19.

To determine whether Maryland or Pennsylvania workers' compensation law applies, this Court must balance these "greater interest" factors to determine which state has a greater interest in the lawsuit.

### C.    Analysis

The choice of law question is whether the MWCA applies, despite the alleged tortious conduct having occurred in Pennsylvania. Defendant argues he is entitled to summary judgment because Pennsylvania law applies and prohibits co-employee lawsuits as a matter of law. ECF No. 27-1. Plaintiff contends that Maryland law governs and his co-employee lawsuit should proceed. ECF No. 28-1. As described below, the following factors support applying the MWCA: the parties' residences; the parties' principal place of employment; the state where Plaintiff filed for and received workers' compensation benefits; and Maryland's public policy favoring co-employee lawsuits. The only factor supporting application of the PWCA is the site of the injury.

7

Plaintiff urges the Court to consider both parties' residences in its choice of law analysis, while Defendant contends that only his residence is relevant. ECF Nos. 27-1 & 28-1. Maryland courts consider the residences of both parties when determining the proper choice of law in personal injury claims implicating workers' compensation statutes. *See, e.g.*, *Bishop*, 317 Md. at 177 (considering the residences of both parties, but noting that plaintiff's residence in Pennsylvania was neutral when considering whether Maryland or Delaware workers' compensation law applied). Here, Defendant is a resident of Virginia, and Plaintiff is a resident of Maryland. ECF No.27-1. No party suggests that Virginia law should apply, so Defendant's residence in Virginia is a neutral factor. Plaintiff's residence in Maryland supports applying the MWCA.

TMI's place of incorporation is also a neutral factor. TMI's principal office is in California, and its state of formation is Delaware. ECF No. 27-5. No party argues that the law of California or Delaware should apply. TMI also has locations in Pennsylvania and Maryland. ECF No. 27-6. Because TMI engages in business in both states and is not incorporated in either, this factor is neutral.

The parties' principal place of employment supports applying the MWCA. Defendant contends the PWCA applies because the parties were working in Pennsylvania at the time of the accident. ECF No. 27-1. Plaintiff argues that TMI's Upper Marlboro location was the parties' primary place of employment, which favors application of the MWCA. ECF No. 28-1. At the time of the injury, both parties worked for TMI and were assigned to work in Pennsylvania. ECF No. 28-1. Although both parties worked in Pennsylvania, Plaintiff only worked there for approximately one week before the accident. *Id.* Defendant worked there and stayed in a Pennsylvania hotel for the month before the accident and traveled back to his Virginia residence on the weekends. *Id.*

8

Despite the parties' temporary work in Pennsylvania, TMI's Upper Marlboro location in Maryland remained their principal place of employment. When traveling to Pennsylvania, both parties left from TMI's Upper Marlboro location, where they would obtain a TMI vehicle for their travel. *Id.* When Defendant returned to Virginia on the weekends, he would first stop at the Upper Marlboro location to exchange the company vehicle for his own. *Id.* In his deposition, Defendant described the TMI employees he worked with in Pennsylvania as also "com[ing] from the Upper Marlboro branch." ECF No. 28-3 at 16. Moreover, Defendant spent the majority of his four years with TMI working in Maryland, where he also reported to provide TMI with a statement regarding the accident. ECF No. 28-1. Similarly, Plaintiff was employed by TMI for over one year before the collision, but this was his first assignment in Pennsylvania. ECF No. 27-2 at 22. Thus, the parties' principal place of employment is Maryland, weighing in favor of applying the MWCA. *See Hauch*, 295 Md. at 133 (finding the parties' normal place of employment was Maryland, despite the accident occurring while the parties were in Delaware, in a company owned vehicle, for company business).

The sole factor favoring application of the PWCA is the location of the accident itself, which occurred in Pennsylvania. ECF No. 27-1. While an important factor, the place of injury is not dispositive. Multiple courts have refused to apply the law of the state where the injury occurred when the multifactor balancing test favors application of a different state's law. *See Bishop*, 317 Md. at 174 (noting the *Hutzell* court "believed that the place of the injury was significant" because states have a genuine interest in the welfare of individuals injured within its borders); *but see Jones*, 2023 U.S. Dist. LEXIS 101095, at *19 (rejecting defendant's assertion that place of injury and defendant's residence are the "most significant" factors, and explaining the *Bishop* court did not hold that courts must apply the law of the state where the injury occurred).

The state where Plaintiff filed for and received workers' compensation benefits also supports applying Maryland law, and, contrary to Defendant's claim, Maryland courts regularly consider this factor when determining which state has a greater interest in the litigation. *See, e.g., Hauch*, 295 Md. at 133. Plaintiff applied for and received workers' compensation in Maryland, further supporting application of the MWCA. ECF No. 28-1.

Finally, it is well established that the paramount consideration is Maryland's public policy permitting lawsuits against co-employees. *See Bishop*, 317 Md. at 176. Defendant contends that public policy favors application of the PWCA because (1) Pennsylvania residents have an interest in tortious conduct occurring within their state, (2) witnesses and first responders are in Pennsylvania, and (3) Pennsylvania resources were expended as a result of the collision. ECF No. 27-1. Plaintiff responds that these considerations are not factors of the balancing test. ECF No. 28-1. Plaintiff also states there are no known witnesses in Pennsylvania and that the co-workers who may have witnessed the collision are from TMI's Maryland location. *Id.*

While the considerations presented by Defendant are "reasons [to] support our adherence to the rule of *lex loci delicti* for determining the applicable tort law," they are not factors of the "greater interest" test. *See Hauch*, 295 Md. at 125. To the extent Defendant cites these factors as policy reasons to apply Pennsylvania law, they are insufficient to overcome the great interest that Maryland—as the forum state—has in permitting co-employee lawsuits. *See id.* at 133. Maryland has a policy interest in ensuring that employees injured on the job may bring legal actions against co-employees. Applying Pennsylvania's workers' compensation law would deprive Plaintiff of the ability to sue his allegedly negligent co-employee. Notwithstanding the automobile collision occurring in Pennsylvania, the MWCA is the proper choice of law. Defendant is not entitled to judgment as a matter of law and the Motion is denied.

## IV.    CONCLUSION

For the reasons set forth above, Defendant's Motion for Summary Judgment (ECF No. 27) is **DENIED**. An accompanying Order follows.


<u>November 26, 2025</u>                                    <u>          /s/          </u>
Date                                                        Timothy J. Sullivan
                                                            Chief United States Magistrate Judge

11